TIMOTHY COURCHAINE
United States Attorney
District of Arizona
KEVIN D. SCHIFF
Assistant U.S. Attorney
Arizona State Bar No. 024193
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Kevin.Schiff@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 24-00041-TUC-RCC (JR) |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| vs. | |
| Manuel David Mora Garcia, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, hereby submits its sentencing memorandum in the above captioned matter.

The government recommends a sentence of 60-months to be followed by a three-year term of supervised release.

## I.      Facts and Procedural History

**A. Garcia is Arrested Transporting Rifles**

On December 4, 2023, Homeland Security Investigations (HSI) surveilled Manuel David Mora Garcia (Garcia) enter the United States and travel to Phoenix. (Presentence Report (PSR), ¶¶ 8, 9.) There, Garcia picked up several rifles, which were destined for Mexico. When Garcia returned to Nogales from Phoenix, law enforcement interdicted him and found him in possession of twelve AK-47 pattern rifles, nine of which had obliterated serial numbers, and a 30-round magazine. (PSR, ¶ 23.)

Mora admitted he knowingly received the weapons and was going to smuggle them into Mexico to make money.

**B. Mora Pleads Guilty via Plea Agreement**

In December 2024, Mora entered in a plea agreement with the government, agreeing to plead guilty to Count 3 of the Indictment. (Doc. 26.) The agreement stipulated Garcia would receive a two-level downwards variance, that his role was that of an average participant, and that guidelines offense characteristics under USSG § 2K1.1 not explicitly stated in the agreement could be contested by either party. *Id.*

The factual basis in the plea agreement anticipated what many of those offense characteristics would be (*Id*, at 9): a semi-automatic capable of accepting a large capacity magazine (§ 2K2.1(a)(4)(B)); between eight and twelve firearms (§ 2K2.1(b)(1)(B)); firearms with obliterated serial numbers (§ 2K2.1(b)(4)(B)(i)); and that Mora knew the weapons would be transported outside the United States (§ 2K2.1(b)(6)(A)).

The factual basis did not include a stipulation that Garcia knew the firearms would be disposed to individuals who intended to use them unlawfully; however, the PSR did make that finding, and assessed a five-level enhancement pursuant to § 2K2.1(b)(5)(C)(i)(III). (PSR, ¶ 32.) This five-level enhancement was not anticipated by the parties in their agreement.

**II. Memorandum of Points and Authorities**

**A. United States Sentencing Guidelines**

The PSR, incorporating the five level § 2K2.1(b)(5)(C)(i)(III) enhancement results in a total adjusted offense level of 34 and a recommended USSG range of 155-158 months. The PSR recommends an 18 U.S.C. § 3553(a) variance and a sentence of 87 months, which is the functional equivalent of eliminating the five-level enhancement.

The government moves that either the § 2K2.1(b)(5)(C)(i)(III) five-level enhancement not be applied or that the Court grant an equivalent downwards variance *in addition* to the plea agreement's stipulated variance and any other recommended downwards departure(s). The four-level enhancement for pursuant to § 2K2.1(b)(6)(A)

for knowingly attempting to ship firearms out of the country sufficiently addresses Garcia's conduct. Further, not applying the § 2K2.1(b)(5)(C)(i)(III) assessment avoids potentially technical legal arguments.

**B. Factors Pursuant to 18 U.S.C. § 3553(a)**

Garcia is a relatively young man, with no known criminal history. Also, he will suffer the additional sanction of being denied entry into the United States, likely for the rest of his life.

These mitigating facts are at least partially offset by the conduct in this case. The acquisition of firearms in the United States to be smuggled into Mexico is a chronic problem for both countries, and the twelve AK-47's Garica possessed were certain to fuel ongoing violence in Mexico.

**III. Conclusion**

Considering both the sentencing factors and the United States Sentencing Guidelines, a sentence of 60 months is sufficient punishment for the conduct in this case. Further, such sentence should serve to deter others similarly situated persons to Garcia from engaging in the same conduct.

Respectfully submitted this 26th day of August, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Kevin Schiff*

KEVIN D. SCHIFF
Assistant U.S. Attorney

Copy of the foregoing served electronically to:

ALL ECF PARTICIPANTS