JON M. SANDS
Federal Public Defender
JOHN CONNELLY
Assistant Federal Public Defender
NE State Bar No. 023314
Email: john_connelly@fd.org
407 W. Congress St., Suite 501
Tucson, AZ  85701-1355
Telephone: (520) 879-7500
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:24-CR-00041-TUC-RCC (JR) |
| vs. | |
| Manuel David Mora Garcia | |
| Defendant | |

**SENTENCING MEMORANDUM**

Given Mr. Mora Garcia's relatively young age on the date of the offense, his aberrant behavior, his motivation to commit the instant offense, his family responsibilities, his full acceptance of responsibility, and the collateral sanction of losing his tourist visa, Mr. Mora Garcia asks this Court to vary further downward than the 60 month sentence recommended by the Government under 18 U.S.C. § 3553(a) to a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

### I. 18 U.S.C. § 3553(a)(1): Nature and Circumstances of Offense

### A. Mens Rea

As written in the PSR, Mr. Mora Garcia is a single father who was attending college and working part time when he committed the instant offense. His need for money to pay for his son's daily needs was his motivation to commit the instant offense.

### II. 18 U.S.C. § 3553(a)(1): History and Characteristics of Mr. Mora Garcia

### A. Mr. Mora's Age & Zero Criminal History & Full Acceptance

Mr. Mora Garcia committed this offense at the age of 27 years and 3 months old. As a college student at the University of Sonora in Mexico, Mr. Mora Garica was six months away from earning his bachelor's degree while also working part time. Mr. Mora Garcia was struggling financially to support himself and his son. He did not want to be a burden on his parents nor in-laws by asking them for additional help. Consequently, he committed the instant offense to earn $400. He now deeply regrets his aberrant and dangerous conduct as he has not seen his son in 21 months.

### B. Acceptance of Responsibility

After waving Miranda, Mr. Mora Garcia fully accepted responsibility for the offense. Additionally, during his PSR interview, Mr. Mora Garcia admitted involvement in the instant offense and apologized for his conduct.

### C. Loss of Visa

As a collateral sanction to the instant conviction, Mr. Mora Garcia will be deported, will lose his tourist visa, and most likely will lose his ability to ever return to

the United States again. Consequently, Mr. Mora Garcia will not be able to visit family in

Southern Arizona and introduce his son to these family members as his son grows up.

**D. Policy Disagreement with PSR Guideline Calculation (Kimbrough v United States, 552 U.S. 85, 90 (2007).**

While this Court must still correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007), it may not treat that range as mandatory or presumptive, id. at 51; *Nelson v. United States*, 555 U.S. 350, 352 (2009), but as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a). *Kimbrough v United States*, 552 U.S. 85, 90 (2007).  The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," id. at 49-50 and explain how the facts relate to the purposes of sentencing.  Id. at 53-60; *Pepper v. United States,* 131 S. Ct. 1229, 1242-43 (2011).  The Court's "overarching" duty is to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing."  *Id. at 101; Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy.  Because "the Guidelines are now advisory . . . , as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines."  Kimbrough, 552 U.S. at 101-02 (internal punctuation omitted) (citing Rita v. United States, 551 U.S. 338, 351 (2007) (district courts may find that the "Guidelines sentence itself fails properly to

reflect § 3553(a) considerations"). As the Supreme Court held in Kimbrough, because "the cocaine Guidelines, like all other Guidelines, are advisory only," it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 552 U.S. at 91, 109-10.

Similarly, this Court may thus consider the Government and Defense Counsel's understanding of the potential guideline calculations when entering into the instant plea agreement. In the plea agreement, both parties agreed that any prison sentence shall not exceed the low-end of the final advisory sentencing guidelines range. Both parties were anticipating the +4 enhancement under 2K2.1(b)(6) (sending the firearms outside of the U.S.). However, both parties did not expect to also have the +5 enhancement under 2K1.1(b)(5)(C) (intent to transfer to person who would use the firearms unlawfully).

After consulting with USPO and researching relevant case law, both these enhancements can apply to what is the same specific conduct and does not constitute double counting under 1B.1.2 because 2K1.1(b)(5)(C) involves unlawfulness of the persons in Mexico receiving the firearms and 2K2.1(b)(6) involves the firearms crossing international boundaries. Consequently, after consulting with Mr. Mora Garcia, Defense counsel requests this Court to consider this policy disagreement with the PSR Guideline calculations under *Kimbrough v United States*, 552 U.S. 85, 90 (2007).

## II. Conclusion

Considering the aforementioned 18 U.S.C. § 3553(a) factors --especially Mr. Mora Garcia's age, no prior criminal history, and full acceptance of responsibility-- Mr. Mora Garcia asks this Court to vary further downward than the 60-month sentence recommended by the Government under 18 U.S.C. § 3553(a).

RESPECTFULLY SUBMITTED:          August 28, 2025

> JON M. SANDS
> Federal Public Defender
>
> *s/ John A. Connelly*
> JOHN A. CONNELLY
> Assistant Federal Public Defender

### CERTIFICATE OF SERVICE

I certify that on August 28, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record, to include:

Mr. Kevin Schiff: Assistant United States Attorney
Ms. Christy Ferasin: United States Probation Officer